UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

WI-LAN USA, INC.
and WI-LAN INC.,

    Plaintiffs,

v.

TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,

    Defendants.

13 MISC 00311

Case No: Misc _____
(S.D. Fla. Case No. 12-Civ-23744-Middlebrooks/Brannon)

### DECLARATION OF BRIAN P. O'DONNELL IN SUPPORT OF WI-LAN USA, INC. AND WI-LAN INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO TIME WARNER CABLE INC.

I, Brian P. O'Donnell, declare as follows:

1. I am an attorney with the law firm of Kilpatrick Townsend & Stockton LLP, counsel for Wi-LAN USA Inc. and Wi-LAN Inc. (collectively "Wi-LAN") in the above-captioned action.

2. In the underlying litigation between Wi-LAN and Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. (collectively "Toshiba") in the United States District Court for the Southern District of Florida ("Florida Court"), Wi-LAN generally alleges that Toshiba infringes and has infringed U.S. Patent No. 6,359,654 ("the '654 Patent") and U.S. Patent No. 7,034,889 ("the '889 Patent").

1

3. The '654 Patent generally relates to the conversion of television signals. Accordingly, Wi-LAN's allegations involve the manner in which Toshiba's accused flat panel television products convert television signals.

4. The format of the signals themselves when they are received by Toshiba's televisions is thus highly relevant to Wi-LAN's infringement allegations.

5. Television signals are received by Toshiba's products either over the air of through cable companies, such as such as Time Warner Cable ("TWC"), and satellite providers.

6. I spoke with counsel for TWC on August 16, 2013. During that discussion, the parties agreed that TWC would provide a deposition by written questions in response to the subpoena issued to TWC.

7. Following the conversation on August 16, 2013, Wi-LAN the continued to work with TWC to coordinate the timing and recording of TWC's answers to the deposition on written questions.

8. Attached hereto as Exhibit A is a true and correct copy of a subpoena issued by this Court to Time Warner Cable Inc. ("TWC") on May 28, 2013.

9. Attached hereto as Exhibit B is a true and correct copy of an email from David Benyacar, counsel for TWC, to myself dated June 7, 2013.

10. Attached hereto as Exhibit C is a true and correct copy of an email from myself to Mr. Benyacar dated August 7, 2013.

11. Attached hereto as Exhibit D is a true and correct copy of a draft declaration provided to Mr. Benyacar on August 7, 2013.

12. Attached hereto as Exhibit E is a true and correct copy of an email from myself to Mr. Benyacar dated August 9, 2013.

13. Attached hereto as Exhibit F is a true and correct copy of an email from myself to Mr. Benyacar dated August 16, 2013.

14. Attached hereto as Exhibit G is a true and correct copy of a subpoena issued to TWC by this Court on August 16, 2013.

15. Attached hereto as Exhibit H is a true and correct copy of Wi-LAN's Deposition of TWC by Written Questions dated August 16, 2013.

16. Attached hereto as Exhibit I is a true and correct copy of an email from Abigail Langsam, counsel for TWC, to myself dated August 28, 2013.

17. Attached hereto as Exhibit J is a true and correct copy of an email from myself to Ms. Langsam dated August 29, 2013.

18. Attached hereto as Exhibit K is a true and correct copy of Toshiba's Objections and Responses to Plaintiffs' Deposition of Time Warner Cable Inc. by Written Questions.

19. Attached hereto as Exhibit L is a true and correct copy of Toshiba's Motion for an Order to Show Cause or in the Alternative for a Protective Order Regarding Rule 30(b)(1) and Rule 31 Depositions and Incorporated Memorandum of Law filed in the Florida Court on August 28, 2013.

20. Attached hereto as Exhibit M is a true and correct copy of a letter from Daniel L. Reisner, counsel for TWC, to myself dated August 30, 2013.

21. Attached hereto as Exhibit N is a true and correct copy of an email from myself to Mr. Reisner dated August 30, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 30, 2013

                                                  s/ Brian P. O'Donnell
                                                  Brian P. O'Donnell

## CERTIFICATE OF SERVICE

     I hereby certify that on August 30, 2013, a true and correct copy of the foregoing was filed and served by electronic mail to the following:

David S. Benyacar
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000
Fax: (212) 836-8689
Email: david.benyacar@kayescholer.com

Doris Johnson Hines
Joyce Craig
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400
Emails: dori.hines@finnegan.com; joyce.craig@finnegan.com

Emmanuel Azih
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308
Tel: (404) 653-6400
Fax: (404) 653-6444
Email: emmanuel.azih@finnegan.com

Terri Meyers
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center - 17th Floor
Miami, FL 33131
Tel: (305) 379-9000
Fax: (305) 379-3428
Email: tmeyers@klugerkaplan.com

                                                                       /s _____

65659608V.1