UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 12-Civ-23744-Middlebrooks/Brannon

| | |
|---|---|
| WI-LAN USA, INC. and WI-LAN INC., <br><br> Plaintiffs, <br><br> v. <br><br> TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., <br><br> Defendants. | |

## NOTICE OF SUBPOENA

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that a subpoena will be served on Time Warner Cable Inc., which requires testimony and the production of documents designated in the attached subpoena.

1

Dated:  May 28, 2013				Respectfully submitted,

*Attorneys for the Plaintiffs:*

KILPATRICK TOWNSEND & STOCKTON LLP


By: /s David E. Sipiora
    David E. Sipiora
    Brian P. O'Donnell
    Charles A. Pannell
    Kent T. Dallow
    1400 Wewatta Street, Suite 600
    Denver, CO  80202
    (303) 571-4000

CARLSON & LEWITTES, P.A.
    Curtis Carlson, Fla. Bar. No. 236640
    1200 Suntrust International Center
    One Southeast Third Avenue
    Miami, FL  33131
    Telephone:  305-372-9700
    Facsimile:  305-372-8265
    E-mail:  carlson@carlson-law.net



KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1400 Wewatta Street, Suite 600
Denver, Colorado 80202
t 303 571 4000

May 28, 2013

**By Hand Delivery**

Time Warner Cable Inc.
c/o CT Corporation System
111 Eighth Avenue,
New York NY 10011

Re:   Wi-LAN USA, Inc. and Wi-LAN Inc., v. Toshiba Corporation, et al., Case No. 12-Civ-23744-Middlebrooks/Brannon (S.D. Fla.)

To Whom It May Concern:

We represent Wi-LAN USA, Inc. and Wi-LAN Inc. (collectively, "Wi-LAN") in the above-referenced matter. Enclosed is a subpoena *duces tecum* to Time Warner Cable Inc. in regards to the above-referenced matter. As you will see from Schedule A to the subpoena, the scope of the subpoena is limited to a small number of discrete questions and topics. Our intent is to make this subpoena and attendant deposition as minimally burdensome as possible. We stand ready to answer any questions and to work with you in completing the process efficiently and expeditiously.

Please contact me at your earliest convenience to discuss further.

Very truly yours,

/s/ Brian P. O'Donnell

Brian P. O'Donnell

Encls.
cc:  All counsel of record (by e-mail)

65456036V.1

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| WI-LAN USA, INC. and WI-LAN INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  12-Civ-23744-Middlebrooks |
| TOSHIBA CORPORATION, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of Florida    ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Time Warner Cable Inc.
  c/o CT Corporation System, 111 Eighth Avenue, New York NY 10011

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York NY 10036-7703 | Date and Time: 06/12/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and audio/video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/28/2013

*CLERK OF COURT*

OR

_____           /s/ David E. Sipiora
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* WI-LAN USA, INC., et al.
_____, who issues or requests this subpoena, are:

David Sipiora, Kilpatrick Townsend & Stockton LLP, 1400 Wewatta Street, Suite 600, Denver, CO 80202, bodonnell@kilpatricktownsend.com, 303-571-4000

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 12-Civ-23744-Middlebrooks

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1. The terms "Time Warner Cable Inc.," "You," "you," "Your," or "your" means Time Warner Cable Inc., and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly owned or controlled by Time Warner Cable Inc., either directly or indirectly, and any directors, officers, employees, agents, representatives, or others acting, or purporting to act, on behalf of Time Warner Cable Inc.

2. The term "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

3. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, which ever makes the Request more inclusive.

4. The term "any" shall include the word all, and vice-versa.

5. The term "Concerning" means relating to, regarding, pertain to, pertaining to, containing, embodying, mentioning, corroborating, demonstrating, proving, showing, referring to, describing, discussing, disputing, reflecting, evidencing, constituting, supporting, contradicting, refuting, rebutting, controverting, or resulting from the matter specified.

6. The term "Document" is used in its customary broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(g) and includes, without limitation, any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this

action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes and notebooks, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, tape recordings, agreements, log books, charts, plans, sketches, drawings, test results.  A draft of a non-identical copy is a separate document within the meaning of this term.

7. The term "each" shall mean each and every.

8. The term "including" means "including without limitation."

9. The term "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity. The acts and knowledge of a person are defined to include the acts and knowledge of a corporate or other business entity's directors, officers, members, employees, representatives, agents, and attorneys.

10. The term "Multichannel Television Service" shall carry the meaning of that term as understood in the industry, and also means any service provided by You through which audio and/or video content is provided to any person via satellite, broadcast, cable, or any other signal type, including without limitation Digital TV, DTV Español, Standard TV, and Basic TV.

11. The term "Set Top Box" shall carry the meaning of that term as understood in the industry, and also means any electronic device that receives an audio and/or video signal and outputs an audio and/or video signal for display on a television screen or other display device.

12. The term "Interlaced" shall carry the meaning of that term as understood in the industry.  Examples of "Interlaced" formats include without limitation 480i and 1080i.

13. The term "Progressive" shall carry the meaning of that term as understood in the industry. Examples of "Progressive" formats include without limitation 480p and 1080p.

**INSTRUCTIONS**

1. You are to produce all Documents that are responsive in whole or in part to any of the Requests herein in full, without abridgement, abbreviation, or expurgation of any sort. If any such Documents cannot be produced in full, produce the Document to the extent possible.

2. If any of the Documents requested herein are no longer in your possession, custody, or control, you are requested to Identify each such requested Document by Date, type of Document, Person(s) from whom sent, Person(s) to whom sent, and Person(s) receiving copies, and to provide a summary of its pertinent contents.

3. If any Document responsive to these requests has been destroyed, describe the content of such Document, the location of any copies of such Document, the Date of such destruction, and the name of the Person who ordered or authorized such destruction.

4. Electronic and computerized materials must be produced in an intelligible format or with a description of the system from which it was derived sufficient to permit rendering of the material intelligible.

5. If no Documents are responsive to a particular Request, you are to state that no responsive Documents exist.

6. The singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine or neuter shall include each of the other genders as necessary to make the Request inclusive rather than exclusive.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Documents sufficient to show the default setting for all Set Top Boxes used in conjunction with Multichannel Television Services provided by You Concerning whether the output signal is Interlaced or Progressive.

**REQUEST NO. 2:**

Documents sufficient to show whether Set Top Boxes are configured to output Interlaced or Progressive signals when installed and/or configured by Your employees or Agents.

**REQUEST NO. 3:**

Documents sufficient to show instructions given to Your employees or Agents responsible for the installation and/or configuration of Set Top Boxes Concerning whether the output signal is Interlaced or Progressive.

**REQUEST NO. 4:**

Documents sufficient to show the extent to which Your customers modify the default settings on Set Top Boxes Concerning whether the output signal is Interlaced or Progressive.

**REQUEST NO. 5:**

Documents sufficient to show instructions given to Your customers Concerning the installation, configuration, operation, and modification of Set Top Boxes Concerning whether the output signal is Interlaced or Progressive.

## TOPICS FOR EXAMINATION

**TOPIC NO. 1:**

What is the default setting (*e.g.*, 1080i, 720p, 480i) for the output of all Set Top Boxes used in conjunction with Pay Television Services provided by You Concerning whether the output signal is Interlaced or Progressive?

**TOPIC NO. 2:**

To the extent a Set Top Box identified in Topic No. 1 contains multiple settings Concerning Interlaced or Progressive output, what is the default format setting Concerning Interlaced or Progressive output for each type of incoming signal?

**TOPIC NO. 3:**

When Set Top Boxes are installed and/or configured by Your employees or Agents for Your customers, are the Set Top Boxes configured to output interlaced signals, such as 1080i or 480i, to the customer's television?

**TOPIC NO. 4:**

When Set Top Boxes are installed and/or configured by Your employees or Agents for Your customers, in what circumstances are the Set Top Boxes configured to output interlaced signals, such as 1080i or 480i, to the customer's television?

**TOPIC NO. 5:**

What instructions are given to Your employees or Agents Concerning the installation and/or configuration of Set Top Boxes to output signals in Interlaced or Progressive modes?

**TOPIC NO. 6:**

What is the basis for Your knowledge, if any, Concerning the Interlaced or Progressive output configuration of Set Top Boxes installed at Your customers' locations?

**TOPIC NO. 7:**

What percentage of Your customers, if any, modify the default settings on Set Top Boxes Concerning whether the output signal is Interlaced or Progressive?

**TOPIC NO. 8:**

What percentage of Your customers, if any, configure the Set Top Box to output in an interlaced format?

**TOPIC NO. 9:**

What instructions are given to Your customers Concerning the installation, configuration, operation, and modification of Set Top Boxes Concerning whether the output signal is Interlaced or Progressive?

**TOPIC NO. 10:**

What is the total number of subscribers to each of Your Multichannel Television Services?

**TOPIC NO. 11:**

Any reasonable follow-up questions Concerning Topics 1-10.

**TOPIC NO. 12:**

Authentication and explanation of any documents produced in response to Request Nos. 1-5.

65450307V.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 28, 2013, a true and correct copy of the foregoing was served by email to the following:

Terri Meyers, Esq.
Kluger Kaplan Silverman Katzen & Levine, PL
Miami Center - 17th Floor
201 South Biscayne Blvd.
Miami FL 33131
(305) 379-9000
(305) 379-3428
tmeyers@klugerkaplan.com

Doris Johnson Hines, Esq.
Joyce Craig, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000
joyce.craig@finnegan.com
dori.hines@finnegan.com

Emmanuel Azih, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3263
(404) 653-6400
Emmanuel.azih@finnegan.com

                                                             /s *Pamela A. Freitik*
                                                               Pamela A. Freitik